FIRST DEPARTMENT, AUGUST, 1979

(August 24, 1979)

■ In the Matter of LANA R. CONNOR, Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and GREGORY W. FAULKNER et al., Respondents. In the Matter of GREGORY W. FAULKNER et al., Respondents, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents, and DAMON M. RIDLEY, Appellant.—Orders and judgments, Supreme Court, New York County, entered August 22, 1979, denying petition to invalidate designating petitions and granting petition to validate said designating

* Not published with other decisions of December 7, 1977, 60 AD2d 586. [Rep.

petitions, are unanimously reversed, on the law and the facts, without costs; the petition to invalidate the designating petitions of Gregory W. Faulkner and Carmen Rodriguez is granted, and the petition to validate their designating petitions is denied, and the Board of Elections is directed not to place their names on the ballot for the Democratic Party position as Male and Female District Leaders for the 71st Assembly District, Part D, in the primary election to be held on September 11, 1979. We think the fair meaning of the stipulation as to numbers of valid and invalid signatures was to reserve to each side the opportunity to correct the stipulation as to any signatures thereafter determined to be otherwise than as stipulated. The appellants-objectants thus reserved the right to show that certain signatures tentatively stipulated to be valid were invalid. The referee found that, but for his (mistaken) interpretation of the parties' stipulation, he would have ruled an additional nine signatures invalid based on nonregistration or nonenrollment, and that this would change the final tally to 309 valid signatures and 363 invalid signatures, making the valid signatures five short of the minimum number required. Concur—Kupferman, J. P., Fein, Lane, Markewich and Silverman, JJ.